## MacDonald *v.* Leverington Construction Company, Appellant.

Argued May 11, 1938.   Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Earle Hepburn,* for appellant.

*Robert P. F. Maxwell,* with him *George F. Blewett,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 17, 1938:

Appellee, upon completion of some construction work in March, 1930, left his gasoline shovel upon a vacant lot, where it remained, unprotected from climatic conditions and from theft of removable parts. In March, 1936, appellant "purchased" the shovel for $225 from the mortgagee in control of the lot, and expended approximately $2,800 in repairing the machine to make it available for immediate work. Appellee brought this action of replevin to secure the possession of the shovel.

During the time the shovel remained on the lot, the mortgagee-vendor tried constantly, but apparently unsuccessfully, to locate the true owner, although appellee occasionally came to the lot to inspect the machine, and in addition the engine had a registered number which could have been traced. Until the sale the vendor exercised no absolute act of dominion over the shovel. At the time of the purchase, appellant, although ignorant of the owner's identity, was thoroughly acquainted with the limited nature of the mortgagee-vendor's interest in the machine.

Appellant contended in the court below, and here, that the machine was abandoned and had been appropriated by the mortgagee; that the statute of limitations barred action, and in any event if not entitled to keep the machine, he should nevertheless recover his expenses in repairs. The case was submitted to the jury solely on the question of abandonment.

The court below correctly held that the statute of limitations (Act of March 27, 1713, 1 Sm. L. 76) did not apply. Although the machine remained upon the vendor's land for six years, yet until its sale the vendor had neither taken possession of it nor acted in any way inconsistent with appellee's rights. The statute of limita-

tions does not begin to run until the right to bring action arises. See *N. Y. & Penna. Co. v. N. Y. Central R. R. Co.,* 300 Pa. 242, 245-246.

Appellant does not dispute the principle that the owner may replevy his property that may be identified, although its value has been enhanced by defendant's work (see *Snyder v. Vaux,* 2 Rawle 423; *Herdic v. Young,* 55 Pa. 176, 179), but insists that one who has in good faith increased the property's worth is entitled to compensation in the form of set-off.

The established rule is that no set-off is allowable in replevin: *Goss Printing Press Co. v. Redmond,* 305 Pa. 518; *Bentz v. Barclay,* 294 Pa. 300; *Lee-Strauss Co. v. Kelly,* 292 Pa. 403; *Mitchell v. Standard Repair Co.,* 275 Pa. 328; *General Motors Truck Co. v. Phila. Paving Co.,* 248 Pa. 499; *Baranofsky v. Weiss,* 120 Pa. Superior Ct. 126, 129. Prior to the Act of April 19, 1901, P. L. 88, when a counterbond was given, defendant retained the property despite a later verdict for plaintiff; this resulted in a forced sale, plaintiff being restricted to a verdict for damages. Illustrating the effect of this rule, in *Herdic v. Young,* supra, it was said that where defendant fails to put up a counterbond, and plaintiff recovers the specific goods, defendant is not entitled to a verdict in an amount equivalent to what he expended on the property; but if a counterbond has been entered, the real owner's damages are only the value of the unimproved property, defendant thereby securing the value of his expenses, or the improvements to the property. Undoubtedly this was the effect of the counterbond. Recovery of possession of his goods by the real owner was thus out of the question. The latter, having proved his right to the property, must prove his damages. There can be no doubt his damages were the value of the property when it left his possession. Thus limited, damages were secured only for that value and no more, unless the law should allow punitive damages. However, where the owner is in a position to recover

his property, the case proceeds on the issue of right to possession only, and the owner is not forced to pay for alterations which he may not desire or cannot afford.

The court below relied upon *Herdic v. Young,* in holding that appellant's failure to enter a counterbond within the statutory seventy-two-hour period prevented set-off here. The Act of April 19, 1901, section 7, renders the distinction drawn in *Herdic v. Young,* no longer applicable. Under this Act plaintiff may elect to recover the property despite defendant's counterbond. See *Lee-Strauss Co. v. Kelly,* supra. This was harmless error, however, for, appellee having recovered his property, the rule that there can be no set-off for improvements in such case applies.

Judgment affirmed.