## Davis, etc., v. Martin et ux.

*Nathan Routman*, for plaintiff.
*Fred T. Jarrett*, for defendants.

ROWLEY, P. J., January 8, 1945.—This matter is before the court upon motion for judgment for want of a sufficient affidavit of defense. Plaintiff filed his

statement of claim in an action of replevin to recover a Chevrolet automobile.

The statement averred that the Pfau Chevrolet Company on April 12, 1941, by written instrument, leased to defendants a certain Chevrolet automobile; that defendants agreed to pay as rent an aggregate of $823.96, $415 of which was paid on execution of the lease; that, by the terms of the lease, defendants agreed to pay the remainder of the rent ($408.96) in 18 equal and consecutive monthly instalments of $22.72 each, the first instalment to become payable May 12, 1941; and that, pursuant to the terms of the lease, the automobile was delivered to defendants by Pfau Chevrolet Company. The statement further averred that Pfau Chevrolet Company thereupon assigned to plaintiff all right, title, and interest in the lease. Plaintiff avers that defendants have paid none of the 18 instalments of rent, all of which are past due, and therefore asserts a right by the terms of the lease to recover possession of the automobile.

The affidavit of defense admits the execution of the lease, delivery of the automobile to defendants, and assignment of the lease to plaintiff. But defendants aver that: "The plaintiff had agreed with the defendant, A. R. Martin, to accept as payment on the assigned lease the amount he, the said plaintiff, owed, or should owe, the defendant, A. R. Martin, for services performed prior to the entering of the lease herein referred to, and subsequent thereto."

The affidavit of defense recited that on December 27, 1940, plaintiff had employed A. R. Martin to audit plaintiff's books at a compensation of $3 per hour; that, previous to assignment of the lease, plaintiff was indebted to A. R. Martin for auditing, and that plaintiff agreed to pay the amount by aiding the financing of the automobile; that, subsequent to the assignment, plaintiff agreed to accept the amount due from him to A. R. Martin as payment in full of the rent due or to become due by the terms of the lease.

Defendants aver that prior to issuance of the writ of replevin on November 1, 1941, they "had paid the said plaintiff, and at the time of the issuance of the said writ of replevin did not owe the plaintiff anything whatever. The said defendants had already paid the plaintiff in full, on the balance of the assigned lease which he held."

Plaintiff's rule to strike off the affidavit of defense rests upon the principle reiterated by our courts that set-off cannot be asserted in a replevin action, since the action is ex delicto in form. We think the declaration that replevin is an action ex delicto and that a set-off is not permissible in replevin requires definition of set-off:

"While the term is sometimes loosely employed, a set-off is a counter-demand arising out of a transaction *extrinsic* to the plaintiff's cause of action, and therefore is not incompatible with the justice of the plaintiff's claim but seeks to balance it in whole or in part by a counter-obligation alleged to be due by the plaintiff to the defendant in another transaction": Beason v. Pierce, 321 Pa. 398, 399.

The declaration that replevin is an action ex delicto was first made a century ago in Fairman v. Fluck, 5 Watts 516, where Justice Sergeant said (p. 516):

"In replevin, no set-off is allowable, either under the English statutes, or our own more ancient Act of Assembly. Replevin is in form an action *ex delicto*, and seeks damages for unlawfully seizing and carrying away personal property."

The extensive use of the bailment lease to insure payment of the purchase price of chattels leads one to wonder whether suits in replevin are in the main actions for "damages for unlawfully seizing and carrying away personal propery".

Undoubtedly, a pure replevin is ex delicto in form to determine the title or right of possession of a chattel, and a set-off is not allowed: Goss Printing Press Co. v. Redmond, 305 Pa. 518; MacDonald v. Leverington Con-

struction Co., 331 Pa. 381. The issue must be strictly limited to title and right of possession, and all matters foreign thereto must be excluded from consideration and are not available as defenses: Blossom Products Corp. v. National Underwear Co., 325 Pa. 383.

Where, as here, to meet the burden of establishing either a general or special property and right of possession in bailor, plaintiff submits a bailment lease which gives the bailee a special property, entitling him to retain possession as against the owner, in the absence of a breach of contract on his part or its termination in accordance with its terms, the bailor has no right to exclusive possession against the bailee unless the bailee has breached the bailment lease or it has been otherwise lawfully terminated, "and in a replevin action the bailor must show a right of possession through breach by bailee or lawful cancellation": Blossom Products Corp. v. National Underwear Co., supra, p. 388.

In these circumstances it seems anomalous to say the action is ex delicto.

In the instant case plaintiff predicates his right to recover the automobile upon his averment that defendants did not make the instalment payments provided for in the lease. Such an averment clearly enabled defendants to offer evidence of payment.

Defendants' allegation of an oral agreement previous to execution of the lease is not admissible because of the presumption that all oral negotiations, inconsistent therewith, are merged in the written contract.

But defendants aver also that, subsequent to the assignment, plaintiff orally agreed to accept the amount due from him to defendant in full payment of the rent due or to become due by the terms of the lease. We doubt that such averment is objectionable as offending the rule against altering a written instrument by parol, but if the amount due defendant was less than the rent defendants might encounter lack of consideration.

The following averment of defendants' affidavit, "The said defendants had paid the said plaintiff and at

the time of the issuance of the said writ of replevin did not owe the plaintiff anything whatever. The said defendants had already paid the plaintiff in full on the balance of the assigned lease which he held", was probably sufficient to prevent judgment. But defendants by subsequent averments in their affidavit of defense demonstrated that the aggregate compensation claimed for services was less than the aggregate rent stipulated in the lease.

The lease provided that, upon failure of bailee to pay any instalment, bailor might take possession of the automobile.

The total of the deferred instalments of rent was $408.96. The total compensation claimed by defendants is $394. Defendants' averment that the compensation was to be applied against the rent would not prevent judgment, since after crediting the total compensation of $394 against the total rent of $408.96 due and payable when the writ was issued this leaves a portion of the rent unpaid. The lease authorizes retaking of the chattel upon failure to pay any instalment of rent.

Had the total compensation claimed by defendants been equal to the aggregate of the deferred instalments of rent, defendants' affidavit of defense would have been sufficient to take the case to the jury upon the question of payment.

But defendants' pleading is inconsistent in averring payment by credit of compensation earned and averring, at the same time, that the compensation is still due with interest. If the compensation had been applied to the rent as the rent accrued, the amount was insufficient to pay the entire rent, consequently plaintiff may assert his right to retake the vehicle for failure to pay a portion of the rent.

If defendants are entitled to interest, it can be due only because defendants have not heretofore received credit upon the lease for the amount due A. R. Martin for services. In such circumstances all the deferred

instalments of rent remain unpaid, consequently plaintiff is entitled to receive the chattel.

Our conclusion herein is not inconsistent with the right of A. R. Martin to assert in an appropriate proceeding his claim for compensation for services rendered to plaintiff.

### Order

And now, January 8, 1945, this matter came on for argument upon rule for judgment for want of a sufficient affidavit of defense, and same was argued by counsel, whereupon, after due consideration, it is ordered, adjudged, and decreed that the rule be made absolute, and judgment is now entered for plaintiff.