County Construction Company *v.* Livengood
Construction Corporation, Appellant.

Argued January 13, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

*Edwin P. Rome*, with him *Morris L. Weisberg, W. Richard Eshelman, Blank, Rudenko & Klaus* and *Stevens & Lee*, for appellants.

*Walter T. McGough*, with him *J. Tomlinson Fort, Daniel H. Huyett, 3rd, Samuel B. Russell*, and *Reed, Smith, Shaw & McClay*, for appellee.

OPINION BY MR. JUSTICE COHEN, May 26, 1958:

On February 1, 1957, the plaintiff, County Construction Company, instituted an action of *replevin without bond* in the Court of Common Pleas of Berks County against Livengood Construction Corporation, Livengood, Inc., and Mahlon Livengood[1] to establish its right to possession of certain machinery, to recover its value or to compel the return of this equipment together with damages for its wrongful detention. The

---

[1] By agreement of the parties the objections filed on behalf of the individual defendant, Mahlon Livengood were sustained.

defendants filed preliminary objections alleging that the venue of the action in Berks County was improper and that a contrary determination would constitute an unauthorized enlargement of the court's jurisdiction.

From the plaintiff's complaint and the deposition taken in support thereof, the following facts appear: Livengood Construction Corporation was awarded a contract for the construction of a state highway in Berks County, Pennsylvania. Plaintiff agreed to provide the funds to enable Livengood Construction to perform its contract. As collateral security for the repayment of the loan, Livengood Construction created a security interest in favor of the plaintiff in certain roadbuilding equipment used in the performance of the job. Defendant Livengood, Inc., and the individual defendant, Mahlon Livengood, executed a guarantee of the undertakings of Livengood Construction under the security contract. Thereafter, the equipment to which plaintiff's secured interest attached was moved on to the job site in Berks County.

On September 13, 1956, the Commonwealth of Pennsylvania terminated Livengood Construction's contract because of late and unsatisfactory performance. The plaintiff then notified Livengood Construction that it had violated several provisions of the loan agreement and was therefore in default. Following this declaration of default the equipment remained on the job site in Berks County until January 27, 1957, when one of the defendants, without the plaintiff's permission, came into Berks County and removed the machinery to Northampton County.

Upon these facts the lower court held that venue was proper in Berks County and accordingly dismissed the preliminary objections. These appeals followed.

Defendants first suggest that the action of replevin without bond, as provided by Pennsylvania Rules of Civil Procedure 1071-1086, is by its nature an action

*in rem,* and therefore may be brought only in the county in which the goods which are the subject of controversy are located at the time suit is brought.

We cannot agree. Replevin without bond is a *personal* action by which a plaintiff can obtain an adjudication of his rights in particular goods and a judgment for their value. Repossession of the goods together with damages sustained by reason of their unlawful detention need not be sought and the posting of outside security for their recovery is not required. See 1 Goodrich-Amram, Procedural Rules Service §1071; 3 Anderson, Pennsylvania Civil Practice, 158, 190-191 (1950). While the action of replevin with bond because of its *in rem* characteristics may be brought "in the county in which the property . . . is found," Pa. R.C.P. 1072(b), the venue of the action without bond, consistent with its *in personam* nature, is proper only "in a county in which an action of assumpsit may be brought." Pa. R.C.P. 1072(a). Since the defendants are corporations, Pa. R.C.P. 1006(b), plaintiff could have brought the present action, *inter alia,* in "the county where the cause of action arose," Pa. R.C.P. 2179(a)-(3); or a "county where a transaction or occurrence took place out of which the cause of action arose." Pa. R.C.P. 2179(a)(4). *Cf.* Pa. R.C.P. 2130(a) (partnerships).

Defendants' second contention is that even if replevin without bond is a personal action, venue in Berks County is nevertheless improper because (1) plaintiff's cause of action arose in Northampton County and not in Berks County, and (2) no transaction out of which the cause of action arose took place in Berks County.

Defendants reason that the cause of action arose in Northampton County because under section 9-501 of the Uniform Commercial Code[2] indexing the rights of a secured party upon the default of a debtor, plaintiff

---

[2] Act of April 6, 1953, P.L. 3, §9-501, 12A P.S. §9-501.

had the right to *elect* to take possession of the collateral when Livengood Construction breached the loan agreement. It was only after plaintiff's election of this remedy, as manifested by its institution of the present suit, that its right to immediate possession of the collateral accrued. The infringement of plaintiff's right took place, and hence its cause of action arose, in Northampton County, the place where at the time of suit defendants were in possession of the machinery.

We cannot agree with defendants' theory even though their conclusion is correct. Plaintiff's right to possession of the collateral accrued immediately upon default of the security agreement[3] while the collateral was in Berks County. Since nothing in the record before us indicates that the removal of the equipment from Berks County contravened the plaintiff's right to possession, defendants' continued detention of the machinery became wrongful only after they refused plaintiff's demand for possession of the goods. See *MacDonald v. Leverington Construction Co.,* 331 Pa. 381, 382, 200 Atl. 8 (1938); *Rutherford Water Co. v. Harrisburg,* 297 Pa. 33, 37, 38, 146 Atl. 113 (1929). Hence, it appears that plaintiff's cause of action arose in Northampton County to which county the goods had been removed before demand.

We must consider, therefore, whether venue in Berks County can be sustained under the provisions of subsection 4 of Pa. R.C.P. 2179(a), which permits an action to be brought in a county in which there was a transaction or occurrence out of which the cause of action arose.

This new and broad venue provision was drafted from the Illinois Code of Civil Practice[4] by the Pro-

---

[3] Id. §9-503, 12A P.S. §9-503.

[4] Smith-Hurd Ill. Ann. Stat., ch. 110, §5(b). See Sunderland, Observations on the Illinois Civil Practice Act, 28 Ill. L. Rev. 861 (1934); *People ex rel. Carpentier v. Lange,* 8 Ill. 2d 437, 134 N.E. 2d 266 (1956).

cedural Rules Committee and was first adopted in Pennsylvania in 1939 in the rules governing actions brought against partnerships. See Pa. R.C.P. 2130. Its purpose was to permit a plaintiff to institute suit against the defendant in the county most convenient for him and his witnesses and to assure that the county selected had a substantial relationship to the controversy between the parties and was thereby a proper forum to adjudicate the dispute.

In the present case a number of transactions out of which the cause of action arose took place in Berks County. The road construction job, which formed the basis for the relationships between the plaintiff and the defendants, was performed entirely within Berks County. Defendants' breach of the security agreement took place in Berks County and, after plaintiff's right of possession had accrued, it was in Berks County that the defendants removed the equipment from the job site. The combination of these transactions demonstrates that Berks County had a substantial relationship to the dispute within the intendment of Pa. R.C.P. 2179(a)(4) and satisfies the requirements thereof.

The last objection raised by the defendants is that if Pa. R.C.P. 2179 gives venue of the present action to Berks County, then this rule violates the Act of June 21, 1937, P.L. 1982, as amended, 17 P.S. §61 (Supp.), which prohibits the enlargement of the jurisdiction of the courts.[5]

The fundamental error in defendants' reasoning is their assumption that *venue* is equivalent to *jurisdiction* as the term is used in the Act of 1937. See 56 Am. Jur.,

---

[5] The act, which authorizes this Court to prescribe rules of practice and procedure in civil actions at law and equity, contains a specific proviso that: ". . . such rules shall be consistent with the Constitution of this Commonwealth and shall neither abridge, enlarge nor modify the substantive rights of any litigant nor the jurisdiction of any of the said courts. . . ."

Venue, §§2, 38 (1947). Although for procedural purposes objections to venue are treated as raising a question of jurisdiction, Pa. R.C.P. 1017(b)(1); 2 Anderson, Pennsylvania Civil Practice, 311-312 (1950), the determination of venue—the place in which a particular action is to be brought and determined—is a matter for the convenience of the litigants. *Panhandle Eastern Pipe Line Co. v. Federal Power Comm.,* 324 U.S. 635 (1945). Jurisdiction, on the other hand, refers to the competency of a court to determine controversies of the general class to which a case presented for its consideration belongs, and to bind the parties to the litigation by its adjudication. See *Witney v. Lebanon City,* 369 Pa. 308, 85 A. 2d 106 (1952).

Finding no error in the dismissing of the defendants' preliminary objections the order of the court below will be affirmed.

Order affirmed.

Mr. Justice BELL dissents.