## Riggs v. Riggs

*Joseph L. Comber*, for plaintiff.
*Irving L. Mazer*, for defendant.

HAGAN, P. J., June 15, 1961.—This is an action in divorce a. v. m. in which the complaint averred that plaintiff is a resident of Philadelphia County. Defendant filed preliminary objections in the nature of a petition raising a question of jurisdiction, averring that plaintiff does not reside in Philadelphia County but, to the contrary, resides in Montgomery County. Plaintiff filed an answer to defendant's preliminary objec-

tions, denying that plaintiff resides in Montgomery County and repeating the averment in the complaint that plaintiff resides in Philadelphia County. There-after, plaintiff filed a petition and rule to show cause why the preliminary objections and answer thereto should not be stricken, alleging in the petition that defendant's preliminary objections raise a question of venue and that preliminary objections may not properly be filed for the purpose of raising such question. Defendant filed an answer to this petition, stating that the petition raised a question of law which did not require an answer. The matter is now before us upon plaintiff's petition and rule to show cause why the preliminary objections and the answer thereto should not be stricken.

The legal issue with which we are confronted is whether in a divorce action the question of venue can be raised by preliminary objections in the nature of a petition raising a question of jurisdiction, or whether this issue must be raised by a responsive answer.

Pa. R. C. P. 1125(*b*) (1) provides that one of the available grounds for preliminary objections in a divorce action is "a petition raising a question of jurisdiction." The issue, therefore, is whether or not venue is a "question of jurisdiction" within the meaning of that rule. It should be noted that the language of rule 1125(*b*) (1) of the divorce rules is identical to the language of Pa. R. C. P. 1017(*b*) (1) of the assumpsit rules, which rule sets forth the grounds for preliminary objections in assumpsit actions.

The precise question with which we are confronted does not appear to have been decided by our appellate courts. There are, however, several lower court decisions on the subject. In Muldoon v. Muldoon, 69 D. & C. 413, a Montgomery County case decided in 1941, it was held that venue is different from jurisdiction, and that, therefore, venue is not a question of jurisdiction which

can be raised by preliminary objections in a divorce action.

In Weber v. Weber, 80 D. & C. 12, a 1951 Dauphin County case, the court expressly refused to follow the decision in the Muldoon case. The Dauphin County court pointed out that the language in Pa. R. C. P. 1125 (*b*) (1) of the divorce rules was the same as the language of 1017 (*b*) (1) of the assumpsit rules, and that rule 1017 (*b*) (1) was, in turn, intended to replace the Act of March 5, 1925, P. L. 23, governing the practice with respect to raising questions of jurisdiction. The court there noted that the cases interpreting the Act of March 5, 1925, had held that, for the purposes of that act, jurisdiction included venue. Accordingly, it was held that venue can be raised in a divorce action by preliminary objections in the nature of a petition raising a question of jurisdiction.

The issue was again raised in the case of Scholl v. Scholl, 89 D. & C. 342, a 1954 opinion by Judge Reimel, of Common Pleas Court No. 5 of Philadelphia County. In that case, Judge Reimel referred to the previous decisions in the Muldoon and Weber cases, followed the decision in the Weber case as the better reasoned opinion, and held that venue may properly be raised in a divorce action by preliminary objections in the nature of a petition raising a question of jurisdiction.

We concur with the opinions in the Weber and Scholl cases, supra, and hold that venue is a "question of jurisdiction" within the meaning of that term as employed in Pa. R. C. P. 1125 (*b*) (1) of the divorce rules. Our conclusion is reinforced by the strong dictum pronounced in the recent case of County Construction Company v. Livengood Construction Corporation, 393 Pa. 39. That was an action in replevin with bond in which the Supreme Court discussed the difference between jurisdiction and venue and stated, at page 45: ". . . for procedural purposes objections to venue are

treated as raising a question of jurisdiction, Pa. R. C. P. 1017(b) (1) . . ."

Since the Supreme Court has clearly indicated that venue is a question of jurisdiction for the purposes of rule 1017(*b*) (1) of the assumpsit rules, we see no reason why the result should be any different under rule 1125(*b*) (1) of the divorce rules, which employs identical language.

In ruling against plaintiff with respect to plaintiff's petition to strike defendant's preliminary objections and the answer thereto, we are not thereby disposing of the preliminary objections. The preliminary objections and the answer thereto raise a factual issue as to whether plaintiff resides in Philadelphia or Montgomery County which must be disposed of in accordance with the procedure set forth in Pa. R. C. P. 209.

For the foregoing reasons, plaintiff's rule to show cause why defendant's preliminary objections and the answer thereto should not be stricken is hereby discharged.