**C-Cor Electronics, Inc. v. AEL Industries, Inc.**

*James M. Horne*, for plaintiff.
*Steven R. Waxman*, for defendant.

BROWN, JR., *P.J.*, December 7, 1983—

## FACTUAL AND PROCEDURAL BACKGROUND

This matter comes before the court upon (1) defendants' preliminary objections and (2) defendants' joint motion for transfer of venue or, in the alternative, stay of proceedings. The issue before the court at this time concerns the proper forum in which all parties' claims may best be resolved.

The central dispute among the parties involves plaintiff's undertaking to design and construct goods related to a cable television system. Plaintiff (C-Cor) claims that all work was performed properly and seeks recovery of $38,279.45, plus costs, from defendant Ultracom, Inc. (Ultracom), and $32,934.13, plus costs, from defendants AEL Industries, Inc. (AEL) and American Electronics Laboratories, Inc. (American Electronics Laboratories). All three defendants claim plaintiff provided a defective design. Ultracom seeks to recover damages in excess of $400,000 from C-Cor.

Procedurally, Ultracom first filed suit against C-Cor in Montgomery County, Pennsylvania, on Feb-

ruary 7, 1983. In its preliminary objections filed in that suit C-Cor alleged that venue was improper in Montgomery County. C-Cor's preliminary objections were denied by an order dated August 14, 1983. This action is now pending in Montgomery County Court of Common Pleas.

Plaintiff Co-Cor Electronics initiated two suits in Assumpsit in Centre County, one against AEL Industries, Inc. (No. 83-851), and one against Ultracom, Inc. (No. 83-850). Both defendants responded by filing preliminary objections. In the suit filed to No. 83-851, defendant filed two preliminary objections, one raising an issue of venue and the other raising a demurrer. In the suit filed to No. 83-850, defendant filed one preliminary objection in the nature of a petition raising a question of venue. Within ten days after the filing of the preliminary objections to No. 83-851 (the suit against AEL Industries, Inc.), Plaintiff filed an amended complaint, which also named American Electronics Laboratories, Inc., as a defendant. Both defendants responded by reasserting the preliminary objections previously raised, namely a demurrer and a petition raising a question of venue.

## DISCUSSION
### 1. Venue

The first issue this court must address is whether Centre County is a proper forum for this action. Case law involving factual circumstances similar to those involved in the instant case is not well developed at the appellate level. Because neither party requested an evidentiary hearing, the court's decision is based on all the well-pleaded facts. Regarding proper venue, the alleged facts are as follows: All goods provided by C-Cor to any of defendants were constructed or conceived in Centre County. C-Cor's

principal place of business is in Centre County. The numerous invoices appended to C-Cor's Complaint require payment, not at time of delivery, but at plaintiff's place of business in Centre County. Essentially, these are the critical factual allegations.

Upon substantially similar facts, three common pleas courts of other counties have held that proper venue does exist in the county where plaintiff's business is located and where payment was due. Oxford Container v. C. R. Con. E-T-C., 23 D. & C.3d 613, 616 (1983); Voguewear, Inc. v. Trau & Loevner, 72 Berks Co. 14, 16 (1977), Food Industries Research & Engineering, Inc. v. Kansas Beef Industries, Inc., 21 Cumb. 34 (1971).

Contrary authority cited by defendants is not sufficient to convince this court. In Northwest Savings Assn. v. Womer, 72 D. & C.2d 231 (1976), a manufacturer assigned its contractual right to payment to the plaintiff, whose place of business was in a county different than that of either the manufacturer or the defendant/obligor. Plaintiff was denied venue in the county where its principal place of business was located. Clearly, plaintiff's nexus in that case was not sufficient to satisfy the language of Pa.R.C.P. 2179(4) ("transaction or occurrence out of which the cause of action arose").

Although we are not, of course, bound by relevant precedent from other courts of common pleas, this Court does align itself with the decisions of Adams, Berks and Cumberland counties by holding that, in these circumstances, venue does exist in Centre County. This court adopts a more comprehensive test for venue than was established in Oxford Container, Voguewear or Kansas Beef. Where a party attempts to establish venue on the basis of where payments are due, the payments must not only be due

in the intended forum, but the payments must also relate to a product, service or other commodity that was conceived, constructed or generated in that forum by the party seeking payment. This test satisfies the requirements of Rule 2179(4) and is in accord with all relevant appellate case law. County Construction Co. v. Livengood Construction Corp., 393 Pa. 39, 142 A.2d 9 (1958). The undisputed facts pleaded by plaintiff C-Cor meet the requirements of this test.

## 2. Forum Non-Conveniens

In response to defendants' petition for transfer on the basis of the forum non-conveniens doctrine embodied in Rule 1006(d), Plaintiff alleges that the petition should have been raised concurrently with other preliminary objections and, thus, it should be dismissed for failure to be timely filed. We do not agree. A forum non-conveniens argument is appropriately raised subsequent to preliminary objections, and Rule 1006 so provides. Only improper venue must be raised by preliminary objection. Rule 1006(c).

Although defendants' petition is timely raised, we deny it on the basis of the facts pleaded, without the further delay of a hearing. See Pavel v. Golob, 51 D. & C.2d 115, 119 (1971). Essentially, the parties have alleged that their witnesses are residing in, and their documents are located in, their respective counties. Despite the paucity of evidence, it is sufficient to enable this court to deny defendants' petition. Rule 1006(d) may only be invoked to transfer venue where the balance is strongly tipped in favor of petitioner, see 1 Goodrich-Amram, Section 1006(d)(1), and where such a transfer would be convenient for all parties involved. Bowerman v.

Tomhave, 8 D. & C.3d 556, 560 (1978). The evidence before this court balances evenly among the parties and strongly indicates that a hearing for further evidence would only delay a similar result. Thus, at least pursuant to Rule 1006(d), plaintiff's choice of venue may not be disturbed.

### 3. Consolidation of Claims

Unlike 28 U.S.C. §1404(a) (the federal equivalent of Rule 1006(d)), the Pennsylvania rule does not allow consideration of convenience for courts, but considers solely the convenience for the parties. See Goodrich-Amram 2d, Section 1006(d). Despite that limitation, the court has the power, even absent express statutory authority or rule of court, to transfer these claims to another forum where we find that such a transfer and resulting consolidation would best serve the administration of justice. See Hargreaves v. Naddeo, 67 D. & C.2d 207 (1974).

Hargreaves involved substantially similar claims in two separate fora: Delaware County and Montgomery County. In Delaware County, A had sued B; B and his spouse counterclaimed. In Montgomery County, B brought suit against A. The Delaware County court transferred the case in that county to Montgomery County. Id. at 209. This court reaches a similar result. The administration of justice will best be served by transferring actions Nos. 83-850 and 83-851 to Montgomery County, with the recommendation that they be consolidated for trial with the action pending there involving the same parties. Because all claims will be resolved in that county, this court sees no need to stay these proceedings.

### ORDER

And now, this December 7, 1983, after consideration of the arguments and briefs of respective

counsel, it is ordered that defendants' preliminary objections are denied.

Actions Nos. 83-850 and 83-851 are transferred to the Court of Common Pleas of Montgomery County, Pa.