## Buckler Construction v. Motor Truck Equipment Company

*Howard L. Meyer, John B. Leete,* for plaintiff.
*James R. Clippinger,* for defendant.

FINK, *P.J.*, April 29, 1985—Plaintiff filed a complaint against defendant on February 14, 1985, in the Court of Common Pleas of Potter County. The complaint contained one count of negligence and two counts in assumpsit, one of the assumpsit counts being based upon an alleged implied contract and the other being based upon an implied warranty of "fitness for the purpose". The basic facts alleged were that defendant was the owner

and operator of a motor repair shop business in Turbotville, Northumberland County, Pa., and that on or about August 25, 1981 plaintiff left a truck in defendant's place of business for certain engine repairs, including reboring the engine block. The work done by defendant was not satisfactory and, therefore, necessitated a return to defendant's place of business in an attempt to correct the deficiencies on four additional occasions, viz., September and October of 1981, and January and February of 1984. Plaintiff paid for such services a sum in excess of $9,600 and claims a loss of approximately $4,000 for cost of truck repairs, $7,000 for loss of use, and $150 for phone calls in connection therewith.

Defendant filed preliminary objections raising the question of venue and proper service of the complaint due to improper venue. Defendant asserts, apparently without objection, that defendant has no place of business in Potter County and in no way does business in Potter County. Plaintiff argues, although there was no allegation in the complaint to the effect, that the parties contemplated that the truck would be used exclusively in Potter County; the breach of contract occurred in Potter County in that the truck, which was the subject matter of the repair by defendant, became non-operative in Potter County.

Rule 2179 of the Pennsylvania Rules of Civil Procedure covering Venue as a sub-heading under "Corporations and Similar Entities as Parties", appears to cover the situation. The appropriate provision of Rule 2179 states, essentially, that a personal action against a corporation or similar entity may be brought in *and only in* (1) a county where the registered office is located; (2) the county where it regularly conducts business; (3) the county where the cause of action arose; or (4) the county where a

transaction or occurrence took place out of which the cause of action arose.

It would appear that of the four possibilities, (a)(4) is the only one possible, which, indeed, was argued by both counsel. Counsel for plaintiff points to the commentary of Goodrich Amram 2d. The commentary indicates that the purpose of section 2179(a)(4) is to "permit a plaintiff to institute suit against the defendant in the county most convenient for him and his witnesses and to assure that the county selected has a substantial relationship to the controversy between the parties and is thereby a proper forum to adjudicate the dispute." Cited for that commentary is County Construction Co. v. Livengood Construction Corporation, 393 Pa. 39, 142 A.2d 9 (1958).

The basic facts of the Livengood Construction case were that an action in replevin was brought by plaintiff in Berks County to establish right to possession of certain machinery. It was alleged that defendant's breach of an underlying security agreement took place in Berks County and that defendant removed equipment from the job site in Berks County. The court held that Berks County was a county "where a transaction or occurrence took place out of which the cause of action arose". The court in the Livengood case went on to discuss the forum that was most convenient to the litigants. Also in the footnote citations of Goodrich Amram 2d, referring to the above section and subsection of the Pennsylvania Rules of Civil Procedure, a lower court case is cited wherein it is headnoted that the "substantial relationship" test to determine venue is a proper consideration.

Plaintiff further argues that to compel a plaintiff to go to the jurisdiction where the corporate defendant's business is situate, especially to recover a

"rather small amount of money", is unduly burdensome to plaintiff. Plaintiff further might well have argued that there is a social reason why venue should be in Potter County in that if it were otherwise, it might well discourage persons from transacting business with corporations which do not do business in the locale and are some distance away. On the other hand, it might well be argued there is nothing wrong with encouraging people to do business within their locale.

In the last analysis, it would appear that, had the Supreme Court when promulgating the Rules of Civil Procedure intended to establish as a basis of venue, where a corporation is a defendant, the place where the plaintiff resides or if they intended to adopt the "most convenient forum rule" or the "most contacts rule", they would have said so directly in Rule 2179. We would understand the Livengood case (which is a case well-cited by plaintiff) to only go so far, viz., it is proper for a court to determine venue in a suit brought against a corporation to consider what is the most convenient forum to plaintiff and his witnesses and, where there is substantial relationship to the controversy, between the parties.

There is no question that, basically, the only relationship that Potter County has to the dispute is that it is the county where plaintiff resides and where plaintiff conducts his business. Unfortunately, we do not believe that this is a standard to establish venue.

This court has been asked by defendant to make a determination as to the propriety of service on defendant in view of the lack of venue. We understand that there may be some statute of limitation problems if the service on the defendant is stricken. This court does not believe that plaintiff should suffer a

loss of his cause of action, or a part thereof, because of a determination of non-venue. This court does, in fact, find that Potter County is not proper venue in which to litigate the matter before this court. Once having found that this county is not proper venue, we question whether this court has the authority to determine whether the service is proper and it would appear that there is no such authority. We know of no rule of civil procedure which would authorize the mere transfer of a case from a non-venue jurisdiction to a venue jurisdiction thereby maintaining the propriety of service. However, we feel that justice could be best effectuated if that were done. We are compelled, however, to leave the matter in the capable hands of the jurisdiction of Northumberland County to see that justice is done if the issue is to be pursued by plaintiff.

Thus, with regret, the following

### ORDER OF COURT

And now, this April 29, 1985, preliminary objections raising the question of proper venue are hereby sustained.