J-A10008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY DOVIDIO AND NANCY DOVIDIO, H/W, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| FROMMEYER CONSTRUCTION SERVICES, INC.; WHITELAND INVESTORS, LP; AND BERGEN OF WHITELAND, INC. | : | No. 3050 EDA 2018 |

Appeal from the Order Entered August 23, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  3905 April Term, 2018

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 22, 2019**

Plaintiffs Anthony Dovidio and Nancy Dovidio (collectively, Dovidios), h/w, appeal from the trial court's order sustaining Appellees' preliminary objections on the basis of improper venue and transferring this negligence action from Philadelphia County to Chester County.[1]  After careful review, we affirm.

In April 2016, Anthony Dovidio (Dovidio) fell more than 15 feet from a ladder while painting the second-floor exterior of a building (project) located on West Lincoln Highway in Exton, Chester County, Pennsylvania.  At the time

_____

[1] There is a right to appeal an interlocutory order granting a petition to transfer venue from one county to another.  **See** Pa.R.A.P. 311(c); **see also Goodman v. Pizzutillo**, 682 A.2d 363, 367 (Pa. Super. 1996).

of the accident, Dovidio was employed by Michael Bryne Painting, Inc. On April 24, 2018, the Dovidios, residents of Glenside, Montgomery County, Pennsylvania, filed a negligence action in Philadelphia County against the project's general contractor and construction manager, Defendant Frommeyer Construction Services, Inc. (Frommeyer), and the property owners, Defendants Bergan of Whiteland, Inc., and Whiteland Investors, L.P. (collectively, Whiteland). The complaint alleged Frommeyer, a company that provides commercial general contracting services, regularly conducts business in Philadelphia County. The Dovidios filed an amended complaint on June 11, 2018. On June 19, 2018, Defendant Frommeyer filed preliminary objections, **see** Pa.R.C.P. 1006(e), asserting that Chester County, not Philadelphia County, is the proper venue for the action where "Defendants do not regularly conduct business in Philadelphia and all conduct complained of by the Plaintiffs occurred in Chester County, not Philadelphia." Defendant's Preliminary Objections, 6/19/18, at ¶ 6.[2]

The Dovidios filed motions opposing Defendant's preliminary objections. On July 23, 2018, the trial court entered an order scheduling "an argument and evidence proceeding, limited solely to the issue of venue." On August 17,

_____

[2] Because the Dovidios assert that venue properly lies in Philadelphia County based on the regular business that Frommeyer conducts in that county, we have confined our review solely to Defendant Frommeyer as it relates to the issue of transfer of venue on appeal.

2018, the Dovidios deposed Christopher Frommeyer (Christopher), the then-acting president of Frommeyer, who averred that his company provides labor, supervision, instruction and services on construction projects. Christopher testified that in 2014[3] and 2016, Frommeyer had contracted, started, and completed three projects in Philadelphia. Deposition of Christopher Frommeyer, 8/17/18, at 13, 15. Christopher also testified that between 2015 to 2018, Frommeyer sporadically used five Philadelphia-based subcontractors, out of hundreds of its other subcontractors, for demolition projects; however, none of those projects took place in Philadelphia. *Id.* at 52, 75. Christopher testified that from 2011 to 2018,[4] Frommeyer performed a total of approximately 600 jobs, and that three of those jobs took place in Philadelphia County. *Id.* at 69. Finally, Christopher testified that the total contracted value for all jobs from 2011 to 2018 was approximately $33 million. *Id.* at 72.

On August 22, 2018, the trial court held argument on the motion to transfer and received additional evidence from the parties. On August 23, 2018, the trial court entered its order granting Defendants' preliminary

_____

[3] Christopher Frommeyer testified at his deposition that the two 2014 Philadelphia projects took place in Center City, were completed in the 2014 calendar year, and required one employee each on site. Deposition of Christopher Frommeyer, 8/17/18, at 17, 19-20. One of the projects entailed finishing walls and the other project involved the replacement of the exterior doors of a building. *Id.* at 18.

[4] From 2013-2018, the total value of Frommeyer's projects was approximately $29 million. Deposition of Christopher Frommeyer, 8/17/18, at 81.

objections and transferring venue to Chester County. The Dovidios filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, the Dovidios raise the following issues for our consideration:

(1) Whether the trial court abused its discretion, misapplied the law, and/or acted in a manifestly unreasonable manner when it found the Defendant Frommeyer Construction Service's business contacts with its Philadelphia-based subcontractors were not of sufficient "quality" so as to be considered essential to Frommeyer's business purpose as a general contractor.

(2) Whether the trial court abused its discretion, misapplied the law, and/or acted in a manifestly unreasonable manner when it found that Defendant Frommeyer Construction Service's business contacts with Philadelphia County were not of sufficient quantity so as to be considered general or habitual.

(3) Whether the trial court abused its discretion, misapplied the law, and/or acted in a manifestly unreasonable manner in granting Defendants' [m]otion to [t]ransfer [v]enue for [i]mproper [v]enue when it found that Defendant Frommeyer Construction Service, Inc., did not "regularly conduct business" in Philadelphia County when it served as a general contractor on projects in Philadelphia, utilized Philadelphia-based subcontractors, and ordered construction materials and business supplies from Philadelphia businesses?

Appellants' Brief, at 8.[5]

_____

[5] The Dovidios issues can be consolidated to one main issue; thus, we will address them together.

J-A10008-19

In ***Wentzel v. Cammarano***, 166 A.3d 1265 (Pa. Super. 2017), our

Court reiterated the scope of review of a trial court's order granting a transfer

of venue:

> A trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. A plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper.[6] However, a plaintiff's choice of venue is not absolute or unassailable. Indeed, if there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand.

***Id.*** at 1268, citing ***Jackson v. Laidlaw Transit, Inc. & Laidlaw Transit PA, Inc.***, 822 A.2d 56, 47 (Pa. Super. 2003) (citations, quotations, and quotation marks omitted).

Venue is the place in which a particular action is to be brought and determined; it is a matter for the convenience of the litigants. ***County Constr. Co. v. Livengood Constr. Co.***, 142 A.2d 9 (Pa. 1958). Venue over an action involving a corporation is governed by Pa.R.C.P. 1006 and Pa.R.C.P. 2179, which state, in pertinent part:

---

[6] The Dovidios assert that the trial court came to the erroneous conclusion that venue was improper in Philadelphia County improperly weighing the evidence in the light most favorable to Frommeyer, the moving party. This, however, is the incorrect standard. It is well-established that "[t]he moving party[,here Defendants,] has the burden of *supporting* [their] objections to the court's jurisdiction. Once the plaintiff[s] ha[ve] produced some evidence to support jurisdiction, the [D]efendant[s] must come forward with some evidence of [their] own to dispel or rebut the plaintiff[s'] evidence. . . . If an issue of fact is raised, the court shall take evidence by deposition or otherwise." ***Deyarmin v. CONRAIL***, 931 A.2d 1, 10 (Pa. Super. 2007) (emphasis in original).

- 5 -

Rule 1006. Venue. Change of Venue

\* \* \*

(b) Actions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; **corporations and similar entities, Rule 2179.**

Pa.R.C.P. 1006(b) (emphasis added). Rule 2179 provides:

(a) Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located;

(2) **a county where it regularly conducts business;**

(3) the county where the cause of action arose; or

(4) a county where a transaction or occurrence took place out of which the cause of action arose.

Pa.R.C.P. 2179 (emphasis added).

In determining whether a corporation regularly conducts business in a county, our courts "employ a quality-quantity analysis." *Zampana-Berry v. Donaghue*, 921 A.2d 500, 503 (Pa. Super. 2007). A business entity must perform acts in a county of sufficient quality and quantity before venue in that county will be established. *Id.* Only direct acts are included in the "regularly conducted business" analysis; a single act is not enough. *Purcell v. Bryn Mawr Hosp.*, 579 A.2d 1282, 1285 (Pa. 1990). The test for whether a corporation "regularly conducts business" in a particular county under Rule 2179(a)(2) is not whether the corporate acts within the county related to the

particular action sued upon, but rather, the nature of the corporate acts within a particular county and how those acts relate to accomplishment of the general corporate objective. *Id.* Each case rests on its own facts, which are derived from the parties' pleadings and any other evidence of record. *Id.* at 1286; Pa.R.C.P. No. 1028(c)(2) (allowing court to consider evidence by depositions or otherwise). "Quality of acts" means "those directly, furthering or essential to, corporate objects; they do not include incidental acts." *Purcell,* 579 A.2d at 1285. Quantity means those acts which are "so continuous and sufficient to be general or habitual." *Id.*

The Dovidios claim that Frommeyer's actions in Philadelphia are of sufficient quality and quantity to establish venue in Philadelphia County. To support this claim, the Dovidios assert that "Frommeyer's longstanding and continual use of Philadelphia-based subcontractors on its construction jobs directly furthers or is essential to its business objective" and that "Frommeyer served as a general contractor on multiple projects in Philadelphia in 2014 and 2016, utilized Philadelphia-based subcontractors on its projects from 2013 through 2018, and ordered construction materials and business supplies from Philadelphia business in furtherance of its business as a general contractor." Appellants' Brief, at 22-23. We agree with the trial court that the Dovidios have failed to provide sufficient evidence to show that Defendants regularly conduct business in Philadelphia County.

The facts of record establish that Defendant Frommeyer Construction Services is a Pennsylvania corporation that has its principal place of business

in Malvern, Chester County. *See* Deposition of Christopher Frommeyer, 5/21/18, at ¶ 3. Frommeyer does not have any registered offices in Philadelphia County. *Id.* at ¶ 4. Frommeyer used five Philadelphia-based subcontractors from 2011 to 2018, none of whom worked on jobs located in Philadelphia County. Frommeyer completed and supervised two Philadelphia-based jobs in 2014 and one in 2016, which accounted for approximately 6.39% of its total completed projects from 2013 to 2018. Between 2013 and 2018, Frommeyer's payments to the five designated Philadelphia-based subcontractors accounted for approximately 7.52% of its total payments to the hundreds of subcontractors it used. Moreover, Frommeyer's three Philadelphia-based jobs (from 2014 and 2016) garnered approximately 6.39% of the company's total revenue for jobs for years 2013 to 2018.

Ultimately, the trial court found that Frommeyer's hiring of the Philadelphia-based subcontractors and total Philadelphia-based jobs (two in 2014 and one in 2016) were "incidental" to its business purpose. The court concluded that based on evidence presented at the venue hearing, Frommeyer had not worked on any projects in Philadelphia for at least 18 months prior to the Dovidios filing the instant action. *See* Trial Court Opinion, 11/27/18, at 6. Moreover, the court found that the Dovidios did not meet the "quantity" prong of the *Purcell* test where any Philadelphia-based subcontractors Frommeyer used were for projects conducted *outside* Philadelphia and where the supplies it ordered from Philadelphia suppliers were also used on jobs

*outside* of Philadelphia.   Under such facts, the court found that Frommeyer did not "regularly conduct business" in Philadelphia.   We agree.

While Frommeyer's contacts in Philadelphia County may satisfy the "quality" prong of the *Purcell* test, based on a comprehensive review of the record, Frommeyer's actions in Philadelphia County from 2011 to 2018 were not "sufficiently continuous so as to be considered habitual." *Zampana-Barry*, *supra*.  In 2011, 2012, 2013, 2015, 2017 and 2018, Frommeyer had no jobs in Philadelphia and, thus, generated no revenue relating to Philadelphia in those years.   Frommeyer's limited contacts with Plaintiff's chosen venue clearly did not meet the "quantity" prong of *Purcell*.

Sporadic use of a handful of Philadelphia-based subcontractors for jobs outside of Philadelphia County, purchasing supplies from Philadelphia-based vendors, and performing three Philadelphia-based jobs over a seven-year period does suffice to not confer venue in Philadelphia County.   Accordingly, we conclude that the trial court did not abuse its discretion in transferring venue of the case to Chester County – where Plaintiff's accident occurred, Plaintiffs are residents, and where Defendant's principle place of business is located.   *Wentzel*, *supra* ("[I]f there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/19