Robin GOODMAN and Jay
Goodman, Appellant,

v.

Janee FONSLICK, M.D., Abington Obstetricial & Gynecology Associates, Inc. and Abington Memorial Hospital, Appellee.

Superior Court of Pennsylvania.

Argued April 23, 2003.

Filed Jan. 26, 2004.

Alan Starker, Philadelphia, for appellants.

Kim Kocher, Philadelphia, for Abington Memorial, appellee.

BEFORE: BENDER, MONTEMURO *, JJ. and McEWEN, PJE.

OPINION BY MONTEMURO, J.:

¶ 1 Appellants Robin and Jay Goodman appeal the Order entered July 29, 2002, sustaining Appellees' preliminary objections to improper venue and transferring venue from Philadelphia County to Montgomery County. We affirm.

¶ 2 Appellants commenced a personal injury action alleging professional malpractice by Appellees Abington Memorial Hospital (Hospital) and Janee Fonslick, M.D. in connection with the birth of Appellants' child. All of the events giving rise to this litigation transpired in Montgomery County. Appellee Hospital's principal place of business is in Montgomery County; Appellants reside in Montgomery County; and Appellee Fonslick's office is in Montgomery County.[1] Appellants filed the action in

---

* Retired Justice assigned to Superior Court.

1. Although we are not certain where Appellee Fonslick's resides, there is testimony establishing that it is not in Philadelphia County. *See* Appellees' Brief at 9.

Philadelphia County, but Appellees objected to venue. The trial court sustained the objection and transferred venue to Montgomery County. This appeal followed.

¶ 3 Appellants raise two questions on appeal. First, they ask whether the trial court abused its discretion in finding that the quality and quantity of Appellee Hospital's contacts with Philadelphia County were insufficient to satisfy Pa.R.C.P. Rule 2179(A)(2). This Court recently addressed this issue in *Krosnowski v. Ward*, 2003 PA Super. 414, 836 A.2d 143 (Pa.Super.2003) (*en banc*), which also involved Appellee Hospital. We found that Philadelphia did not qualify as a proper venue given the hospital's insufficient business contacts with the county.

 ¶ 4 Our standard of review in venue cases is well settled. "A decision to transfer venue will not be reversed unless the trial court abused its discretion." *Id.* at ¶ 4 (citation omitted). The plaintiff's choice of forum is given great weight and the challenging party has the burden of proving that choice is improper. *See Id.* "However, if there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Id.* (citation and internal quotations omitted).

¶ 5 Pa.R.C.P. 1006 provides, in pertinent part:

(a) Except as otherwise provided by Subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.

(b) Actions against the following defendants, except as otherwise provided in Subdivision (c), may be brought in and only in the counties designated by the following rules: ... corporations and similar entities, Rule 2179.

(c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against one of the defendants under the general rules of Subdivisions (a) or (b).

Pa.R.C.P. 1006.[2]

¶ 6 Rule 2179 also applies because Appellee Hospital is a corporation. The Rule provides as follows:

Rule 2179. Venue

(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose; or

**2.** On January 27, 2003, our Supreme Court added a new subdivision (a.1) to Rule 1006, which provides, "Except as otherwise provided by subdivision (c), a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose." Pa.R.C.P. 1006(a.1). The note to subdivision (b) makes clear that corporations are subject to subdivision (a.1) in medical professional liability actions. However, these new amendments apply only to medical professional liability actions filed on or after January 1, 2002. *See In Re: Amendment of Rules of Civil Procedure Governing Venue*, No. 381, Civil Procedure Docket No. 5 (Pa. Mar. 5, 2003). This action was commenced in December, 2001.

(4) a county where the transaction or occurrence took place out of which the cause of action arose.

Pa.R.C.P. 2179(a).

■■■ ¶ 7 Under the applicable version of Rule 1006, a cause of action against Appellee Hospital may be brought in any venue where the hospital has sufficient business contacts to compel it to defend itself. *See Krosnowski, supra* at ¶ 5 (citation omitted). These business contacts should be evaluated based on their "quality" and "quantity," and each case must rest on its own facts. *Id.* (citations omitted). "Quality of acts means those directly, furthering or essential to, corporate objects; they do not include incidental acts. Quantity means those acts which are so continuous and sufficient to be general or habitual." *Id.* (citation and internal quotations omitted). "For corporate acts, those in aid of a main purpose are collateral and incidental, while those necessary to its existence are direct." *Id.* (citation and internal quotations omitted).

¶ 8 In *Krosnowski*, the appellant attempted to establish sufficient business contacts between Abington Memorial Hospital and Philadelphia County by citing Abington's affiliation with Children's Hospital of Philadelphia (the "CHOP" Connection); its affiliation with Philadelphia County medical schools; its advertisement as a Philadelphia healthcare provider; its prior filing of civil claims in the Philadelphia County Court of Common Pleas; and the fact that this very issue has been decided against Abington in the past. *See Krosnowski, supra* at ¶ 7.

■■■ ¶ 9 Here, Appellants first argue that Appellee Hospital's practice of advertising in telephone books, newspapers, television and on the internet as a "health care center serving people in . . . Philadelphia Count[y]" establishes the requisite contacts to support a Philadelphia County

venue. This argument fails as our Supreme Court has held that advertisements in a Philadelphia telephone book and newspaper are insufficient to establish venue in Philadelphia County. *Id.* at ¶ 15 (citing *Purcell v. Bryn Mawr Hospital*, 525 Pa. 237, 579 A.2d 1282 (1990)). Advertisements appearing on a website are regarded the same way. *Id.* (citing *Kubik v. Route 252, Inc.*, 762 A.2d 1119 (Pa.Super.2000)).

■■■ ¶ 10 Next, Appellants contend that Appellee Hospital's limited ownership of two small Philadelphia County physician practices amounts to the regular operation of business there. The mere fact that these physicians' offices are located in Philadelphia does not constitute sufficient business contacts to support venue. There is no evidence that the two groups, totaling six to eight physicians, are clinics or branch offices of Appellee Hospital. All treatment for referrals is conducted at the Montgomery County facility, patients of the hospital cannot seek hospital care at the groups' offices, and there is no ambulance service to these offices. Thus, it is apparent that Appellee Hospital's relationship with these small Philadelphia County practice groups is incidental to its main goal of providing hospital care in Montgomery County.

■■■ ¶ 11 Appellants further cite Appellee Hospital's contractual relationship with the Children's Hospital of Philadelphia (the "CHOP Connection") and with Temple University (the "Temple Affiliation") as evidence that Appellee regularly conducts business in Philadelphia County.

¶ 12 The CHOP Connection includes CHOP physicians who administer full health services to pediatric patients at Appellee Hospital's Montgomery County facility. After considering the same CHOP Connection, the *Krosnowski* Court held

that it is collateral and incidental; it does not further Appellee Hospital's corporate purpose because "[t]he two hospitals operate independently in their respective counties ... [and it] is evident that [Appellee Hospital's] main objective is to provide services to its patients at its [Montgomery County facility]." *Krosnowski, supra* at ¶ 12. We agree. The purpose of this affiliation is to provide better pediatric care at the Montgomery County facility, not to expand and conduct business in Philadelphia County. It is an incidental contact that is not integral to Appellee Hospital's existence.

 ¶ 13 Similarly, the Temple Affiliation is collateral to Appellee Hospital's main purpose and the program's activities and benefits are concentrated in Montgomery County. The association provides for two Temple cardiothoracic surgeons to perform open heart surgery at the Montgomery County facility. The surgeons are not permitted to provide other services at the hospital and must be on staff at the hospital. The purpose of this relationship is to provide better cardiac care for patients of the Montgomery County facility and is not essential to the survival of the hospital.

¶ 14 Appellants' second claim questions whether the trial court erred by failing to consider the deposition testimony of Appellee Hospital's corporate designee Thomas Mallon and Appellee Hospital's fee and cost-splitting with Temple University and CHOP. Appellants violated Pa.R.A.P. 2119 by failing to support this issue with any further argument or legal authority. They did, however, partially address this claim in the context of their first issue. Nonetheless, the deposition testimony details aspects of the physician practice arrangement and supports an argument that we have already deemed meritless. Further, the fee and cost-splitting evidence

attempts to bolster the significance of the CHOP Connection and Temple Affiliation. We have already found these connections insufficient. The trial court correctly transferred venue to Montgomery County. Accordingly, we affirm.

¶ 15 Order affirmed.