Anna Marie KISAK, An Individual and George Kisak, Her Husband, Appellants

v.

WHEELING PARK COMMISSION AND OGLEBAY, Appellees.

Superior Court of Pennsylvania.

Argued June 14, 2005.
Filed April 27, 2006.

John R. Orie, Jr., Pittsburgh, for appellants.

Stephen J. Poljak, Pittsburgh, foe appellees.

BEFORE: DEL SOLE, P.J., TODD, and PANELLA, JJ.

OPINION BY TODD, J.:

¶ 1 Anna Marie Kisak and George Kisak, her husband, appeal the order entered December 7, 2004 by the Honorable R. Stanton Wettick, Jr. of the Allegheny County Court of Common Pleas sustaining the preliminary objections of Appellees Wheeling Park Commission and Oglebay to the Kisaks' complaint because of the lack of venue, and dismissing their complaint. We affirm.

Content:

¶ 2 The trial court provided the following summary of the factual background of this case:

> In their complaint, [the Kisaks] allege that they were playing miniature golf on [Appellees'] property in West Virginia. [Appellant]-wife sustained injuries when she fell after stepping into a hole created by erosion and water run off. In their preliminary objections, [Appellees] supported their claims of improper venue with allegations that they neither own property nor conduct any business within [Allegheny] County.
>
> In answers to interrogatories, [Appellees] state that Wheeling Park Commission is a political subdivision of the City of Wheeling, West Virginia; it is a public corporation statutorily created by the West Virginia Legislature to own and operate the municipally-owned park known as "Oglebay Park."
>
> The answers also state that the Commission does not perform any services or operate any business in Pennsylvania. It advertises in the State of Pennsylvania in newspapers, television, billboards, radio, and other publications. Its total advertising expenses for this advertising in Pennsylvania range from $161,089 in 2001 to $204,257 in 2003. More than half of the expenditures are to Pittsburgh television stations.* Most of the remaining advertising is in the Pittsburgh area.
>
> * The record is silent as to whether or not advertising on Pittsburgh television stations is intended to reach persons living within the vicinity of Wheeling.

(Trial Court Opinion, 2/9/05, at 1–2 (citation omitted).)

¶ 3 Appellees filed preliminary objections asserting that venue was not proper in Allegheny County.[1] The trial court sustained the objections and dismissed the Kisaks' complaint, and this timely appeal followed. On appeal, the Kisaks ask: "Whether the trial court erred when it ruled that the Court of Common Pleas of Allegheny County, Pennsylvania did not have venue over [Appellees]?" (Appellants' Brief at 4.)

¶ 4 Initially, we note that:

> A trial court has "considerable discretion in determining whether or not to grant a petition for change of venue, and the standard of review is one of abuse of discretion." *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 579 A.2d 1282, 1284 (1990). "If there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Estate of Werner ex. rel. Werner v. Werner,* 781 A.2d 188, 190 (Pa.Super.2001) (quoting *Masel v. Glassman,* 456 Pa.Super. 41, 689 A.2d 314, 316 (1997)). Because the plaintiff's choice of forum is given great weight, the moving party has the burden of proving that the original forum is improper. *Goodman v. Fonslick,* 2004 Pa.Super. 18, ¶ 4, 844 A.2d 1252 (Pa.Super.2004).

*Singley v. Flier,* 851 A.2d 200, 201 (Pa.Super.2004).

¶ 5 The Kisaks assert that venue is proper in Allegheny County under Rule 2179(a)(2) of the Pennsylvania Rules of Civil Procedure, which provides that "a personal action against a corporation or similar entity may be brought in and only in ... (2) a county where it regularly conducts business." Pa.R.Civ.P. 2179(a)(2). This subsection "provides a theory of transient jurisdiction by counties in which the corporation is present by

---

1. Appellees also asserted that the Kisaks' complaint was insufficiently specific. Given our disposition herein, we need not address this contention.

virtue of its business activities or contacts." *Purcell,* 525 Pa. at 243, 579 A.2d at 1284. The Kisaks argue:

> [T]he Wheeling Park Commission regularly conducts business in Allegheny County because it advertises in Allegheny County. [Appellees] have produced to the [Kisaks] a chart showing that the Commission spends most of its advertising budget in the Pittsburgh area. . . .
>
> . . . [T]he Commission spends virtually all of its advertising budget on Pittsburgh radio stations, television stations, newspapers and billboards.

(Appellants' Brief at 10–11 (citations omitted)). We disagree that this advertising activity is a sufficient basis on which to conclude that Wheeling Park Commission regularly conducts business in Allegheny County.

 ¶ 6 To determine if business contacts amount to regularly conducting business for purposes of establishing venue, we apply the "quality" and "quantity" test. *Purcell,* 525 Pa. at 243–44, 579 A.2d at 1285; *Fritz v. Glen Mills Sch.,* 840 A.2d 1021, 1023 (Pa.Super.2003). Our Supreme Court described this test as follows:

> [B]usiness contacts must be judged on the basis of their "quality" and "quantity." "A single act is not enough," while "each case must depend on its own facts." [*Shambe v. Delaware and Hudson Railroad Company,* 288 Pa. 240,] 246, 135 A. 755 [ (1927) ]. "Quality of acts" means "those directly, furthering or essential to, corporate objects; they do not include incidental acts." Quantity means those acts which are "so continuous and sufficient to be general or habitual." In combined form, *Shambe* concluded that the acts of the corporation must be distinguished: those in "aid of a main purpose" are collateral and incidental, while "those necessary to its existence" are "direct." *Id.,* 288 Pa. at 248, 135 A. 755.

*Purcell,* 525 Pa. at 243–44, 579 A.2d at 1285.

 ¶ 7 It is conceded in the instant case that Wheeling Park Commission's only activity in Allegheny County is advertising. We agree with the trial court, however, that this advertising "is incidental to and not essential to the City of Wheeling's operation of its park" (Trial Court Opinion, 2/9/05, at 2), and thus is not, in and of itself, sufficient to establish venue in Allegheny County.

¶ 8 In *Purcell, supra,* our Supreme Court held that venue was not proper in Philadelphia County in a suit against Bryn Mawr Hospital even though the following activities of the hospital were connected to Philadelphia: it received income from Philadelphia patients who opted for treatment there; it contracted with residency programs of teaching hospitals in Philadelphia; it recruited and employed medical residents from Philadelphia hospitals; it purchased goods and services from Philadelphia businesses; and it paid for advertisements in Philadelphia phone books and in the Philadelphia Inquirer. The Supreme Court concluded that the hospital's corporate object was to care for patients who were diagnosed and treated at the Bryn Mawr Hospital in Montgomery County, and that these activities were incidental contacts and not essential to the operation of the hospital. *Id.* at 247–48, 579 A.2d at 1286–87.

¶ 9 Of particular import to the instant case, in *Purcell,* the Court rejected the contention that that hospital's advertising activities conferred venue, noting that the "[m]ere solicitation of business in a particular county does not amount to conducting business." *Id.* at 248, 579 A.2d at 1287 (citing *Law v. Atlantic Coast Line R.R. Co.,* 367 Pa. 170, 79 A.2d 252, 253 (1951));

*see also Krosnowski v. Ward,* 836 A.2d 143, 150 (Pa.Super.2003) (*en banc*) (advertisements in phone book, newspaper, and on internet do not amount to conducting business); *Goodman,* 844 A.2d at 1255 (same). Pursuant to *Purcell,* we conclude that Wheeling Park Commission's advertising activities, the sole business activities alleged in Allegheny County, do not constitute regularly conducting business. *See Battuello v. Camelback Ski Corp.* 409 Pa.Super. 642, 646–47, 598 A.2d 1027, 1029 (1991) (finding that the defendant's activities, consisting "almost exclusively of advertisement, aimed at the solicitation of business" were insufficient to sustain venue "under the clear mandate of *Purcell* "). Accordingly, we find no error in the trial court's determination that venue does not lie in Allegheny County.

¶ 10 We finally address the Kisaks' contention that "[i]f the Court does not recognize venue in this case, then the Court's decision will essentially nullify the effect of the Pennsylvania long-arm statute." (Appellants' Brief at 13.) In essence, the Kisaks assert that since the long-arm statute[2] confers personal *jurisdiction* over Appellees in Pennsylvania, then *venue* must lie somewhere in this Commonwealth; they contend that a finding of jurisdiction necessitates a finding of venue.

¶ 11 First, Appellees have not challenged the exercise of personal jurisdiction over them in this case; thus, we do not address whether personal jurisdiction *was* properly exerted over Appellees in Pennsylvania under Pennsylvania's long-arm statute.

¶ 12 Second, the Kisaks provide no support for their contention that jurisdiction implies venue[3] and, nevertheless, we conclude that our rules of civil procedure and related caselaw contemplate that venue, in certain circumstances, may not lie anywhere in the Commonwealth.

¶ 13 Subsection (e) of Rule 1006—the principle venue rule—implies as much. The subsection states:

> Improper venue shall be raised by preliminary objection and if not so raised shall be waived. *If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed* but shall be transferred to the appropriate court of that county. The costs and fees for transfer and removal of the *record* shall be paid by the plaintiff.

Pa.R.Civ.P. 1006(e) (emphasis added). Thus, under the rule, when venue is found to be lacking, the case should be transferred only "[i]f ... there is a county of proper venue within the State", *id.,* clearly implying that there may be no such county.[4] Indeed, in addressing venue under Rule 1006(a.1), which requires a medical professional liability action be brought in the county where the cause of action arose,[5] we previously noted that dismissal

---

2. *See* 42 Pa.C.S.A. § 5322.

3. We note that while the venue provision at issue requires a finding that the defendant "regularly conduct[ ] business" in the county, Pa.R.Civ.P. 2179(a)(2), the long-arm statute confers jurisdiction under the potentially lower threshold of "transacting business" by, *inter alia,* "[t]he doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an ob-

ject," 42 Pa.C.S.A. § 5322(a)(1)(i). Given that jurisdiction was uncontested herein, however, we need not reach the issue.

4. In the instant case, the Kisaks neither asked the trial court, nor this Court, to have the case transferred to another county in this Commonwealth.

5. This subsection provides:
 Except as otherwise provided by subdivision (c), a medical professional liability ac-

is the only option under Rule 1006(e) when venue is lacking in the county where the cause of action arose:

> [W]hen a trial court cannot transfer the case, then the only alternative available is dismissal because in order for a court to adjudicate an action, both jurisdiction and venue must exist simultaneously. The Supreme Court [in fashioning Rule 1006] implicitly recognized that dismissal was an option when it prohibited a trial court to dismiss a case when transfer was an option.

*Searles v. Estrada*, 856 A.2d 85, 91–92 (Pa.Super.2004) (reversing trial court's refusal to dismiss medical professional liability action in which the cause of action arose outside of Pennsylvania and thus venue did not lie in this Commonwealth), *appeal denied*, 582 Pa. 701, 871 A.2d 192 (2005).[6] We thus reject the Kisaks' contention that Pennsylvania's long-arm statute is undermined by the trial court's determination that venue does not lie in Allegheny County.

¶ 14 For all the forgoing reasons, we affirm the order of the trial court sustaining preliminary objections to the Kisaks' complaint because of the lack of venue, and dismissing their complaint.

¶ 15 Order AFFIRMED.

¶ 16 DEL SOLE, P.J. files a Dissenting Opinion.

## DISSENTING OPINION BY DEL SOLE, P.J.:

¶ 1 I dissent. The Majority bases its analysis on the initial assumption that personal jurisdiction was properly exerted over Appellees in Pennsylvania pursuant to Pennsylvania's long-arm statute because Appellees were "transacting business in this Commonwealth." Majority Opinion at 3, footnote 2. Personal jurisdiction is extended in Pennsylvania to any entity which transacts business in the Commonwealth. 42 Pa.C.S.A. § 5322(a)(1). Once jurisdiction within the Commonwealth is established, the appropriate venue within the Commonwealth lies in the county where the entity regularly conducts its business. Pa.R.C.P. 2179(a)(2). If, as the Majority assumes, Pennsylvania jurisdiction is proper based on Appellees' business activities in the Commonwealth, then venue must be proper in any county where that business is regularly conducted.

¶ 2 The record reveals that Appellees' only business activity in Pennsylvania is advertising and the majority of its advertising budget is spent in Allegheny County. Accordingly, I would conclude that if Appellees' advertising expenditures constitute sufficient business transactions to confer personal jurisdiction in Pennsylvania, then they are also sufficient to support a finding that venue was proper in Allegheny County.

---

tion may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose.

Pa.R.Civ.P. 1006(a.1).

**6.** The analogous doctrine of *forum non conveniens* likewise indicates that a trial court may dismiss an action where the trial court has jurisdiction, but venue lies outside of Pennsylvania. *See generally Searles*, 856 A.2d at 92 n. 5.