**Stier v. Bensalem Racing Assoc., Inc.**

424

*J. Davy Yockey,* for plaintiff.
*Andrew J. Kramer,* for defendant.

MAZER MOSS, *J.*, March 29, 2012—The instant issue is whether we correctly determined venue was improper in Philadelphia County by sustaining defendants' preliminary objections. For the reasons below, we correctly ordered the case transferred to Bucks County with costs to plaintiff.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs Regina and Richard Stier ("plaintiffs") filed a complaint on November 8, 2011 against defendants Greenwood Gaming & Entertainment Inc., Greenwood Racing, Inc., Robert Green, William Hogwood, Parx Casino Design, Inc. and Greenwood Gaming Services Co., and Keystone Turf Club, Inc. ("Keystone"), and Bensalem Racing Association, Inc ("Bensalem Racing"). complaint, 11/08/11. All defendants are located in Bensalem, Bucks County, Pennsylvania except Bensalem Racing, located in Philadelphia. *Id.* ¶¶2-9. The complaint stemmed from an October 15, 2010 incident at Parx Casino where Regina Stier alleged serious injury when she tripped and fell on a drop between a sidewalk and mulch bed. See *id.* ¶12. The complaint alleged carelessness and negligence. See generally *id.* Plaintiffs averred Philadelphia venue was proper because defendants regularly conducted business here by operating multiple "Turf Clubs" and advertising. *Id.* ¶ 10.

Defendants filed preliminary objections on December 7, 2011. They objected, inter alia, to Philadelphia venue and requested transfer to Bucks County. Defendants' preliminary objections 12/07/11, ¶¶ 4-11. Defendants

pointed out Bensalem Parx Casino — where the alleged incident occurred — was owned and operated only by Defendant Greenwood Gaming and Entertainment ("Greenwood"). *Id.* ¶ 5 An attached lease exhibit ("Lease") indicated Greenwood leased the property from co-defendants Keystone and Bensalem Racing (who collectively operate the Philadelphia Park Racetrack). *Id.* Ex. B, at 1. Greenwood was a separate entity from the aforementioned. *Id.* The Lease clearly stated Greenwood was responsible for repairs and alleged negligence. *Id.* at sections 6.1-6.2, 13. Since only Greenwood's activities mattered and they did not regularly conduct business in Philadelphia, venue was improper here. *Id.* ¶¶ 10-11.

Plaintiffs countered Greenwood's legal ownership assertions were contrary to the complaint, therefore creating a factual issue. Plaintiff Reply to preliminary objections, 12/23/11, ¶¶ 5-11. Moreover, the Hon. William Manfredi previously overruled venue objections in a similar matter on October 19, 2011. *Id.* There, the court held there was evidence defendants regularly conducted business sufficient to confer Philadelphia venue. See order, J. Manfredi, 10/19/11 n.1.

On January 25, 2012, We sustained venue objections, deferred Greenwood's remaining ones, and transferred the matter to Bucks County. order, 01/25/12. Plaintiffs timely appealed on February 6, 2012.

## DISCUSSION

We correctly found Philadelphia venue improper

pursuant to Pa. R.C.P § 1006(b). A trial court is accorded "considerable discretion in determining whether or not to grant a petition for change of venue, and the standard of review is one of abuse of discretion." *Zampana-Barry v. Donahue*, 921 A.2d 500, 503 (Pa. Super. 2007). If there exists any proper basis for a venue decision, it must stand. *Goldman v. Fonslick*, 844 A.2d 1252, 1253 (Pa. Super. 2004). In Pennsylvania, venue against a corporation is only proper in:

> The county where its registered office or principal place of business is located; (2) a county where it regularly conducts business; (3) the county where the cause of action arose; (4) a county where [the relevant] transaction or occurrence took place..., or (5) a county where the property [thereof] is located provided... equitable relief is sought with respect to [same].

Pa. R.C.P. 2179(a) (2010). Here, the only real dispute is whether defendants regularly conduct business in Philadelphia.

*Wimble v. Parx Casino & Greenwood Gaming & Entm't, Inc.* is directly on point and decided after Judge Manfredi's decision. In *Wimble*, the Pennsylvania Superior Court affirmed our venue transfer of an October, 2010 Greenwood matter after rejecting said casino regularly conducts business in Philadelphia. *Wimble v. Parx Casino & Greenwood Gaming & Entm't, Inc.*, 2012 PA. Super 62, *7-8 (Pa. Super. Ct. 2012). The *Wimble* court noted the factual record demonstrates Bensalem Racing

and Keystone are not Greenwood Gaming subsidiaries but rather "sister" corporations. *Id.* *Wimble* rejected the theory Parx's sister corporations' activities could be attributable to Greenwood for conferring Philadelphia venue. *Id.* Therefore, *Wimble* controls the instant matter.

The only notable difference between *Wimble* and the instant matter is not ultimately a dispositive one. Unlike *Wimble*, Philadelphia based Bensalem Racing and Keystone Turf Club are named defendants here. Nevertheless, the established record indicates they are not liable for any negligence occurring at Parx Casino.

We need not develop an additional factual record when a party's issue is based upon a false premise and the established record alone is sufficient. *Wimble*, 2012 PA. Super at *10. First, Greenwood's attached Lease indicates it is distinct from Bensalem Racing and Keystone. Second, said lease also states Greenwood is solely liable for its alleged negligence. Since the alleged incident took place on casino grounds, for which Greenwood is solely responsible, the other defendants are not culpable. Therefore, their business activities are not relevant to determine proper venue. Hence, we properly determined venue solely on Greenwood's activities which were insufficient to confer Philadelphia venue.

## CONCLUSION

For the foregoing reasons, we properly sustained defendants' preliminary objection to venue and transferred the matter to Bucks County.