J-A25019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEBRA GRIFFIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABINGTON MEMORIAL HOSPITAL | : | No. 392 EDA 2017 |

Appeal from the Order Entered December 27, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  June Term, 2016 No. 002943

BEFORE:   OTT, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                     **FILED DECEMBER 29, 2017**

Debra Griffin appeals from order entered on December 27, 2016, in the Court of Common Pleas of Philadelphia County, sustaining Abington Memorial Hospital's (Abington) preliminary objections regarding venue.  The order in question transferred the matter from Philadelphia County to Montgomery County, which represents the proper venue for this action.  In this timely appeal, Griffin raises one issue, claiming the "'appearance of a merger'" between Abington and Thomas Jefferson University Hospital (TJUH) is "sufficient to establish venue"[1] for purposes of a slip and fall accident that

---

* Former Justice specially assigned to the Superior Court.

[1] Appellant's Brief at 10.

occurred at Abington.[2]  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm on the basis of the trial court opinion authored by the Honorable Arnold J. New.

Briefly, the underlying action involved an allegation that on June 29, 2014, Griffin "walked into an elevator" at Abington Memorial Hospital and was "caused to slip and fall as a result of a defective and/or hazardous condition of the premises".  Complaint, 8/8/2016, at ¶ 9.  Griffin further alleged that, "As a result of a merger between Abington and [TJUH], Abington carries on a continuous and systematic part of it's [sic] general business within the City of Philadelphia … and as a consequence does business in the City of Philadelphia." *Id*. at ¶ 4.

Abington responded to the complaint by filing preliminary objections, in relevant part, claiming although Abington was part of the Thomas Jefferson University health system, Abington and TJUH remained distinct entities.

_____

[2] We request that in the future, Griffin's counsel pay greater heed to the Pennsylvania Rules of Appellate Procedure, especially Rules 2116 and 2119. Rule 2116(a) requires the appellant to concisely state each question followed by an answer indicating how the trial court resolved the question.  Rule 2116(a) states: "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a).  Rule 2119 requires the appellant to divide the argument section of the brief into as many parts as there are questions to be argued and "shall have at the head of each part … the particular point treated therein".  Pa.R.A.P. 2119(a).  Here, Griffin's brief lists three questions, all of which appear to be variations of the same question.  The argument section of the brief has one section that addresses a question not listed in the statement of questions involved,  that issue might be considered to be another variation of the three questions initially listed.  Accordingly, we will not find waiver.

Neither entity owned or operated the other and, accordingly, neither entity was responsible for the other's liabilities. **See** Abington Preliminary Objections, 8/22/2016, at ¶¶ 4, 5, 7, 8, and 9.

During the course of discovery regarding the venue issue, Senior Vice President and Corporate Counsel for Abington Memorial Hospital, Deborah A. Datte, Esq., was deposed. Attorney Datte testified that any references to mergers contained in any press releases were mischaracterizations of actual legal status and such references were actually part of the branding/advertising of the fictitious name of Jefferson Health. **See** Deposition of Datte, 12/9/2016 at 6-17.[3] She confirmed that TJUH and Abington were distinct entities, and that Abington was a subsidiary of Thomas Jefferson University. **Id.**, at 56. Attorney Datte's testimony regarding the subsidiary status of Abington remains undisputed.

The sole evidence and argument provided by Griffin to support the position that Abington and TJUH merged, thereby establishing Philadelphia as a viable venue for Abington, are press releases and copies of web pages.[4]

_____

[3] The notes of testimony from this deposition were made part of the certified record as Exhibit D to Abington's Reply to Griffin's Opposition to Preliminary Objections, filed December 19, 2016.

[4] In reviewing the certified record of this matter, we recognize that Griffin has attempted to rely upon a different Philadelphia Common Pleas case, **Waters v. Abington Memorial Hospital and Thomas Jefferson Hospitals, Inc.**, Philadelphia Docket Number, February Term, 2016, No. 2669. **See** Deposition of Datte, 12/9/2016 at 10-11; Memorandum of Law in Support of Plaintiff's Answer to Preliminary Objections, 9/12/2016, at 23-24, Exhibit D. Exhibit D

Griffin has provided no case law to support the contention that a press release or web page confers actual legal status upon a party. Indeed, in her brief, Griffin refers to the "appearance of a merger." Appellant's Brief at 10.

Initially, "[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law." ***Richmond v. McHale***, 35 A.3d 779, 783 (Pa. Super. 2012).

As noted above, we have reviewed all relevant documents and case law, and find that the trial court has accurately analyzed the issue before us, committing no error of law. The trial court has appropriately relied upon ***Wimble v. Parx Casino***, 40 A.3d 174 (Pa. Super. 2012) which found:

> Like the trial court, we reject Wimble's argument that the Philadelphia operations of Greenwood Gaming's sister corporations should be attributed to Greenwood Gaming itself for purposes of determining venue. Although a parent and a wholly-owned subsidiary share common goals, they are still recognized

_____

is a copy of an order entered in the ***Waters*** case on June 8, 2016, denying Abington Memorial Hospital's preliminary objections. There is no documentation demonstrating the basis of the preliminary objections, although Griffin asserts Abington sought to challenge venue in a similar manner as it has done instantly. Similarly, Griffin has provided no documentation demonstrating the reason why Abington's preliminary objections were denied. We note a major difference between ***Waters*** and the matter before us is that TJUH was a named defendant in the other matter, thereby conferring venue on Philadelphia. Without the context of the order, we cannot say with certainty, however, the fact that TJUH was a named defendant would explain the denial of the preliminary objections and would also render ***Waters*** inapplicable to the instant matter. We can say with certainty, Exhibit D, the order denying preliminary objections, without any context, is meaningless. Such citation, found in the certified record, is concerning.

as separate and distinct legal entities. ***Shared Communications Servs. Of 1800-80 JFK Blvd. Inc., v. Bell Atl. Props. Inc.***, 692 A.2d 570, 573 (Pa. Super. 1997). Wimble does not cite, and we have not found, any case law supporting the notion that a corporation may be subject to venue based solely upon the business activities of a sister corporation in the jurisdiction in question.

***Wimble v. Parx***, 40 A.3d at 178-79.

In light of the above, we rely upon the able reasoning of the trial court, and affirm the order entered December 27, 2016, sustaining Abington's preliminary objections regarding venue. The parties are directed to attach a copy of the trial court's June 5, 201,7 Pa.R.A.P. 1925(a) opinion in the event of further proceedings.

Order affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/29/2017*

- 5 -

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| DEBRA GRIFFIN | : Trial Court Term & No: |
| | : June Term, 2016 No. 2943 |
| v. | : |
| | : 392 EDA 2017 |
| ABINGTON MEMORIAL HOSPITAL | : |
| a/k/a/ JEFFERSON HEALTH, INC. | : |

**OPINION**

**NEW, J.**

For the reasons set forth below, the Court respectfully requests its Order of December 21, 2016 granting Defendant's Preliminary Objections and transferring the matter to Montgomery County be affirmed.

Simply stated, Plaintiff argues because Abington Memorial Hospital announced in a public relations release that Abington Memorial Hospital had merged with Thomas Jefferson University, and since Thomas Jefferson University regularly conducts business in Philadelphia County, this Court erred in transferring the case to Montgomery County.

Unfortunately for Plaintiff's argument, there has never been a merger between Abington Memorial Hospital and Thomas Jefferson University; the two corporate entities have been and remain distinct corporate bodies. Since Abington Memorial Hospital is the only defendant in this matter, and Abington Memorial Hospital does not regularly conduct business in Philadelphia, Plaintiff's argument must fail.

## I.    FACTUAL AND PROCEDURAL HISTORY

On June 29, 2014, Plaintiff, Debra Griffin, was a business invitee of Abington Memorial Hospital. See, Compl. at ¶7. Abington Memorial Hospital is located at 1200 Old



COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)

York Road, Abington, PA; Montgomery County. While at Abington Memorial Hospital, the Plaintiff walked into an elevator and slipped and fell. Id. at ¶9. Plaintiff alleges her fall was caused by a defective or hazardous condition of the premises; namely a puddle of water. Id. at 10. As a result of the fall, Plaintiff alleges she sustained injury. Id. at ¶18. Plaintiff resides in Willow Grove, PA; Montgomery County.

This matter was commenced by Writ of Summons on June 27, 2016 against Abington Memorial Hospital and Jefferson Health, Inc. On August 5, 2016, a Stipulation between the parties was filed with the Court in which Defendant, Jefferson Health, Inc. was dismissed without prejudice[1]. The filing of Plaintiff's Complaint naming Abington Memorial Health a/k/a Jefferson Health as the Defendant followed on August 8, 2014. The Complaint alleges Defendant, Abington, "carries on a continuous and systematic part of its business within Philadelphia…having merged its activities with Thomas Jefferson University Hospital ("Jefferson"), and operates under the fictitious name of Abington Hospital/Jefferson Health while it engages in its hospital activities both in Philadelphia county and the above mentioned location." Compl. at ¶3. Plaintiff alleges as a result of a merger between Abington Memorial Hospital and Thomas Jefferson University Hospital, Abington continuously and systematically conducts business in Philadelphia. Id. at ¶4.

On August 22, 2016, Abington Memorial Hospital filed Preliminary Objections challenging venue in Philadelphia pursuant to Pa.R.C.P. 1028(a)(1). This Court scheduled argument and an evidentiary hearing, which was heard on December 21, 2016. For the reasons

---

[1] The parties also stipulated that on the date of the incident: Thomas Jefferson University Hospital did not own, possess, control, operate or maintain Abington Memorial Hospital; and that Abington Memorial Hospital owned, possessed, controlled, operated and maintained the premises. It was also stipulated that the caption was amended as Debra Griffin v. Abington Memorial Hospital.

2

fully discussed below, this Court sustained Defendant's Preliminary Objections and transferred this matter to Montgomery County. This appeal followed.

## II.   ANALYSIS

Trial courts are given considerable discretion in determining whether or not venue is proper pursuant to Pa.R.C.P. 2179(a). The standard of review is one of abuse of discretion. Absent an abuse of discretion, a trial court's order will not be disturbed. Purcell v. Bryn Mawr Hosp., 579 A.2d 1282, 1284 (Pa. 1990) (citing Walker v. Ohio River Company, 416 Pa. 149, 205 A.2d 43 (1964)). Because the plaintiff's choice of forum is given great weight, the moving party has the burden of proving the original forum is improper. Goodman v. Fonslick, 844 A.2d 1252, 1254 (Pa.Super.2004). The determination depends on the individual facts of each case and will not be disturbed if the trial court's decision is a reasonable one in view of those facts. Monaco v. Montgomery Cab Co., 208 A.2d 252, 256 (Pa. 1965).

Pa.R.C.P. 1028(a)(1) permits the filing of preliminary objections on the grounds of improper venue. Pa.R.C.P. 2179 governs venue as to corporations or similar entities, and states an action may be brought in:

> (1) the county where its registered office or principal place of business is located;
> (2) a county where it regularly conducts business;
> (3) the county where the cause of action arose;
> (4) a county where a transaction or occurrence took place out of which the cause of action arose, or
> (5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 2179(a).

3

Plaintiff relies on Rule 2179(a)(2) to establish venue, arguing the Defendant regularly conducts business in Philadelphia as a result of its merger with Thomas Jefferson University. To determine whether a defendant regularly conducts business in a county, the Courts have utilized the "quality and quantity" analysis. This long-standing test applied by the Courts analyzes both the quality *and* quantity of a defendant's business contacts in a county to determine if venue is proper. In Purcell v. Bryn Mawr Hospital, 579 A.2d 1282 (Pa. 1990) the Pennsylvania Supreme Court stated:

> Quality of acts means those directly, furthering or essential to, corporate objects; they do not include incidental acts. Quantity means those acts which are so continuous and sufficient to be general or habitual... [T]he acts of the corporation must be distinguished: those in aid of a main purpose are collateral and incidental, while those necessary to its existence are direct.

Id. at 1285 (citing to Shambe v. Delaware and Hudson Railroad Company, 135 A. 755 (Pa. 1927)).

Plaintiff's Complaint alleges the merger of Philadelphia-based Thomas Jefferson University and Defendant, Abington Memorial establishes the Defendant regularly conducts business in the county. In Defendant's Preliminary Objections, Abington Memorial argues it is not owned or operated by Jefferson. The fictitious name Abington Hospital – Jefferson Health is owned by Defendant, Abington Memorial Hospital. Abington Memorial has its own facility and employees. Abington Memorial does not have an ownership interest nor does it operate any of Jefferson's facilities in Philadelphia. Abington Memorial and Jefferson are not responsible for one another's liabilities. See, Def.'s Prelim. Obj. ¶¶ 5-10. Defendant further argues the corporate objective of Abington Memorial is to provide care to its patients in Montgomery

4

County. Based upon this, Defendant contends it does not regularly conduct business in Philadelphia.

In response, Plaintiff relies on the apparent merger between Abington Memorial and Thomas Jefferson University as a sufficient basis to establish venue in Philadelphia. In Plaintiff's Opposition to Defendant's Preliminary Objections, Plaintiff relies on the announcement of an Abington – Jefferson merger on Defendant's website, as well as Jefferson Health's website, in support of her position. As described in Plaintiff's response, the merger announcement stated, "Abington – Jefferson is the organization that encompasses its flagship hospital in Abington, PA…as well as a number of convenient outpatient settings for obtaining expert medical care in Bucks, Montgomery and Philadelphia counties. In May, 2015, Abington Health and Jefferson merged. The combined entity is known as Jefferson Health…The parent organization includes Thomas Jefferson University." See, Pltf.'s Resp. in Opp'n. ¶2. Plaintiff contends Defendant, Abington Memorial has sufficient contact with Philadelphia through the merger and subsequent creation of Jefferson Health. Id. at 4. Plaintiff argues the Jefferson Health entity makes Abington Memorial and Jefferson indistinguishable from one another.

The parties underwent discovery related to the issue of venue. The deposition of Deborah A. Datte, Senior Vice President and General Counsel to Abington Memorial Hospital was taken. During her deposition, Ms. Datte testified the statement found on Defendant's website regarding the merger is inaccurate. See, dep. 13: 9-25, Dec. 9, 2016. Ms. Datte testified there is no combined entity involving Defendant, Abington Memorial and Jefferson. Id. at 17:17-19. The transaction that created the affiliation between Abington Health (*not* Defendant,

5

Abington Memorial Hospital) and Thomas Jefferson University was not a merger[2]. Id. at 17:23-25; 18: 1-2.

Ms. Datte further testified the reference to one combined board of directors on the website announcement is incorrect. Id. at 27:21-23. The headline "Jefferson and Abington now one" was a marketing attempt to demonstrate an affiliation between the two organizations that occurred. Id. at 29: 2-5. The Chief Executive Officer of Thomas Jefferson University does not get involved in the day-to-day operations of Abington Health. Id. at 32: 11-12. Abington Memorial Hospital does not have a residency or medical school affiliation with Thomas Jefferson University. Id. at 34: 16-18. There is no new combined clinical entity. Id. at. 36: 2-3. Abington Health is a subsidiary of Thomas Jefferson University. Id. at. 50: 8-13. Abington Memorial Hospital is a subsidiary of Abington Health. Id. at 14-16. Thomas Jefferson University does not own, operate or maintain Abington Memorial Hospital. Id. at 51: 6-20.

What emerged from the parties' discovery is a structure of subsidiaries that begins with the parent, Thomas Jefferson University and ends with Abington Memorial Hospital. Defendant, Abington Memorial Hospital is a subsidiary of Abington Health. Each is its own separate, legal entity. The acts of a parent corporation cannot be imputed to a subsidiary for the purpose of establishing venue. See, Wimble v. Parx Casino and Greenwood Gaming & Entertainment, Inc., 40 A.3d 174 (PA. Super. 2012). The named defendant in this matter is "Abington Memorial Hospital a/k/a Jefferson Health". While Plaintiff hopes to establish a sufficient corporate relationship with the named defendant and Thomas Jefferson University wherein the entities are

---

[2] It was a modification of the articles of incorporation and a membership change. Id. at 18: 4-5. In May, 2015, articles of amendment were filed to convert Abington Health from a non-membership entity to a membership entity. Id. at 19: 2-3.

6

essentially acting as one, it simply does not exist. The testimony of Defendant's witness clearly establishes Thomas Jefferson University and Abington Memorial Hospital are separate and distinct entities, and no legally recognizable merger occurred with Thomas Jefferson University.

In response to Defendant's Preliminary Objections, and during the evidentiary hearing, the argument advanced by Plaintiff was that the apparent merger with Thomas Jefferson University was sufficient to warrant venue in the county. However, the appearance of a merger between Thomas Jefferson University and Abington Health is an insufficient basis for establishing venue. Counsel for Plaintiff conceded there is no document in evidence establishing a merger between the Defendant and Jefferson. See, N.T., 16:16-25, Dec. 21, 2016. The Defendant's witness testified the website announcement misstated the legal relationship of the entities. Furthermore, the witness testified the website announcement was a marketing decision. It was a method of promoting the "Jefferson Health" logo, which was used for branding purposes. It was an advertisement. Advertisement that services are offered within a particular county is not akin to actually conducting business in that county. As the Courts have long held, mere advertisement is not enough to establish venue. See, Purcell v. Bryn Mawr Hospital, 579 A.2d 1282 (Pa. 1990). Despite Plaintiff's contention to the contrary, the record established no legal transaction resulting in a merger occurred. Considering the arguments advanced by the parties, and the record established, this Court found venue in Philadelphia was improper.

7

**WHEREFORE** for the above stated reasons, it is respectfully requested this Court's Order of December 21, 2016 be affirmed, and the Superior Court find this Court did not abuse its discretion in transferring this matter to Montgomery County.

BY THE COURT:

_____
ARNOLD L. NEW, J.

8