J-S10018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ANGELA RIGGS AND JOSEPH RIGGS, W/H | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellants | : | |
| v. | : | |
| | : | No. 2310 EDA 2017 |
| MARTIN MAIN LINE HONDA,SCOTT IMPORTS, INC., AVORIC REAL ESTATE, LLC, AND 123 E. LANCASTER AVE., LLC | : | |

Appeal from the Order Entered July 7, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  December Term, 2016 No. 2908

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 11, 2018**

Appellants, Angela Riggs and Joseph Riggs, appeal from the order entered on July 7, 2017 sustaining preliminary objections filed by Martin Main Line Honda, Scott Imports, Inc., and 123 E. Lancaster Ave., LLC[1] (collectively Appellees) and transferring this case from Philadelphia County to Montgomery County.  Upon review, we affirm.

The trial court summarized the facts and procedural history of this case as follows:

---

[1]  Avoric Real Estate, LLC was originally named as a defendant, but was dismissed by stipulation on March 24, 2017.  They are not a party to the instant appeal.

On October 11, 2017, [Appellants] were visiting [ ] Martin Line Honda's premises, located at 123 Lancaster Avenue, Ardmore, Pennsylvania, when Ms. Riggs [ ] allegedly fell because of a defective condition on the floor, sustaining serious injuries to her shoulder, neck, and brain. [Appellants] are a married couple who are residents of Flourtown, Montgomery County, Pennsylvania. [Appellees] are Pennsylvania corporations with their primary places of business in Ardmore, Montgomery County, Pennsylvania.

On February 23, 2017, [Appellants] filed a [f]irst [a]mended [c]omplaint setting forth claims for negligence and loss of consortium against all [Appellees]. [Appellees] filed [p]reliminary [o]bjections for improper venue on March 9, 2017, and [Appellants] filed a response on March 28, 2017. On April 3, 2017, [the trial c]ourt ordered the parties to conduct discovery limited to the issue of venue and submit supplemental briefs by June 2, 2017. On July 7, 2017, [the trial c]ourt entered an [o]rder sustaining [Appellees] [p]reliminary [o]bjections and transferring the case to Montgomery County.

Trial Court Opinion, 9/13/2017, at 1-2 (footnotes omitted). This timely appeal resulted.[2]

On appeal, Appellants present the following issue for our review:

Whether the [trial c]ourt erred when it sustained [ ] preliminary objection[s] to venue and transferred this case from Philadelphia County to Montgomery County where the record reflects that [ ] Scott Imports, Inc. regularly conducted business in Philadelphia at all relevant times?

Appellants' Brief at 5.

_____

[2] On July 10, 2017, Appellants filed a notice of appeal. On July 19, 2017, the trial court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants complied on August 8, 2017. On September 13, 2017, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellants claim that the trial court erroneously transferred venue to Montgomery County because Scott Imports, Inc. regularly conducts business in Philadelphia County. *Id.* at 9. Appellants argue that because they initiated the lawsuit, the trial court should have given their choice of forum great weight and hesitated to change venue. *Id.* at 13-14. Appellants contend that the trial court abused its discretion in determining that storing and inspecting vehicles at two Philadelphia warehouses were not acts "of sufficient quality and quantity to warrant a finding of proper venue there." *Id.* at 14. For support, Appellants point to the deposition of the Vice-President of Scott Imports, Inc., William Camp. *Id.* at 15-17. Appellants maintain Camp testified that the Montgomery County facility holds approximately only "20 vehicles and that employees regularly move vehicles back and forth between there and the Philadelphia inspection and storage site[s]." *Id.* at 15. The two Philadelphia facilities hold approximately 200-375 vehicles. *Id.* At one of the Philadelphia facilities, employees perform pre-delivery inspections of the new vehicles for sale. *Id.* In sum, Appellants contend that the Philadelphia properties are used to regularly conduct business because they "are critical to the business and directly further the corporate objectives" and are used "on a weekly and sometimes daily basis." *Id.* at 16-17. Accordingly, Appellants aver that Scott Imports, Inc. failed to meet its burden of establishing that venue was improper in Philadelphia County and the trial court abused its discretion or erred in transferring venue to Montgomery County. *Id.* at 17.

Our standard of review is as follows:

A trial court's ruling on venue will not be disturbed if the decision is reasonable in light of the facts. A decision to transfer venue will not be reversed unless the trial court abused its discretion. A plaintiff's choice of forum is given great weight, and the burden is on the party challenging that choice to show it is improper.

However, if there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand. The Rules of Civil Procedure make specific provision for venue in pertinent part as follows:

**Rule 1006. Venue. Change of Venue**

(a)   Except as otherwise provided by Subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.

(b)   Actions against the following defendants, except as otherwise provided in Subdivision (c), may be brought in and only in the counties designated by the following rules: ... corporations and similar entities, Rule 2179.

(c)   An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against one of the defendants under the general rules of Subdivisions (a) or (b).

Pa.R.C.P. 1006.

[Moreover, when] corporations are party defendants, Rule 2179 is also applicable. That Rule provides in relevant part as follows.

**Rule 2179. Venue**

(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

> (1) the county where its registered office or principal place of business is located;
>
> (2) a county where it regularly conducts business;
>
> (3) the county where the cause of action arose; or
>
> (4) a county where the transaction or occurrence took place out of which the cause of action arose.

Pa.R.C.P. 2179(a).

\*          \*          \*

Our Supreme Court's decision in **Purcell v. Bryn Mawr Hospital**, 579 A.2d 1282 (Pa. 1990), provides substantial guidance for [the] resolution of [what conduct constitutes "regularly conducted business" under Pa.R.C.P. 2179(a)]. In **Purcell***,* the Court reviewed the question of whether venue in that medical malpractice suit was properly laid in Philadelphia County where Bryn Mawr Hospital, the situs of the alleged negligence, was located in Montgomery County. That determination turned on whether Bryn Mawr Hospital's contacts with Philadelphia County were sufficient to compel it to defend itself there. The Court explained that such business contacts must be evaluated based on their quality and quantity. ***Id.*** at 1285. Quality of acts means those directly, furthering or essential to, corporate objects; they do not include incidental acts. Quantity means those acts which are so continuous and sufficient to be general or habitual. ***Id.*** For corporate acts, those in aid of a main purpose are collateral and incidental, while those necessary to its existence are direct. ***Id.***

The Supreme Court further explained that each case must rest on its own facts. ***Id.*** The plaintiff in **Purcell** asserted the following as evidence that Bryn Mawr conducted business in Philadelphia County: it had contractual relations with residency programs of Philadelphia teaching hospitals, recruited and employed medical students from those teaching hospitals, advertised in Philadelphia telephone directories and a Philadelphia newspaper, purchased goods and services from

- 5 -

Philadelphia County businesses, and derived a percentage of its income from Philadelphia residents. Bryn Mawr did not, however, have a branch clinic or other such presence in Philadelphia County. After consideration of the nature of these business contacts, the Supreme Court concluded that venue was not proper in Philadelphia County because none of the contacts was more than incidental.

***Krosnowski v. Ward***, 836 A.2d 143, 146–147 (Pa. Super. 2003) (*en banc*) (footnote and parentheticals omitted); ***see also Goodman v. Fonslick***, 844 A.2d 1252, 1255 (Pa. Super. 2004) (Two small satellite physicians' offices located in Philadelphia did not constitute sufficient business contacts to support venue in Montgomery County when all hospital treatment for referrals was conducted at the Montgomery County hospital facility and, thus, the branch offices were incidental to its main goal of providing hospital care in Montgomery County).

Here, the trial court determined:

As a preliminary matter, [Appellants] do not contest that the [Appellees'] main corporate objective is to sell vehicles in their showroom in Montgomery County, and have failed to put forward evidence that the **storage** of cars in Philadelphia is anything more than "in aid of" that objective. Furthermore, [Appellants] overlook [] Superior Court [precedent,] which clearly establish[es] that the crux of "regularly conducting business" rests on where business is actually occurring. Here, [Appellants] operate a place of business **only** in Montgomery County; they interact with customers **only** in Montgomery County; and, perhaps most importantly, they make sales **only** in Montgomery County.[3] Pursuant to Pa.R.C.P. 2179(a), it simply cannot be

_____

3 The trial court also recognized that "[t]here is no evidence of record that customers travel to the Philadelphia facilities to purchase or pick up vehicles,
*(Footnote Continued Next Page)*

- 6 -

that [Appellees'] mere possession of two leased storage properties, which serve an incidental purpose to their corporate objective, creates a venue in Philadelphia.

Trial Court Opinion, 9/13/2017, at 4-5 (emphasis in original).

Upon review, we agree. The contacts here were insufficient to compel Appellees to defend themselves in Philadelphia County. Appellees' main, corporate objective is selling vehicles in Montgomery County, not storing vehicles in Philadelphia County. The storage of vehicles in Philadelphia County aids the business in Montgomery County, but is incidental and collateral to its core purpose.[4] We discern no abuse of discretion or error of law in transferring venue to Montgomery County.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/18

*(Footnote Continued)* ————————

nor is there any evidence that [Appellees] have ever even applied for a license to conduct business in Philadelphia." Trial Court Opinion, 9/13/2017, at 4.

[4] William Camp testified that the storage facilities could be located anywhere and, in fact, there is another facility located in Bala Cynwyd in Montgomery County. *See* N.T. 5/8/2017, at 41.